UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WELLS FARGO AUTO INSURANCE
MARKETING AND SALES PRACTICES
LITIGATION MDL No. 2797


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff in the Southern District of New York action listed on Schedule A moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York. This litigation consists of three actions pending in two districts, as listed on Schedule A.[1] Plaintiff in two Southern District of New York potential tag-along actions and defendant National General Insurance Company (National General) support the motion. Plaintiffs in five Northern District of California actions and potential tag-along actions and defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (Wells Fargo Bank, and together, Wells Fargo) suggest centralization in the Northern District of California.[2] Plaintiffs in three Central District of California potential tag-along actions suggest centralization in the Central District of California.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that the actions share common factual questions arising out of allegations that Wells Fargo and National General engaged in a nationwide scheme to place unwanted and unnecessary insurance on automobiles, and that defendants caused plaintiffs and putative class members harm by charging them for this unneeded insurance and, in some cases, reporting them to credit agencies and repossessing their vehicles. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification and other issues; and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Sarah S. Vance and Judge Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel also has been notified of eleven related actions pending in the Central District of California, the Northern District of California, and the Southern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] At oral argument, Wells Fargo's counsel represented that Wells Fargo also would be amenable to centralization in the Central District of California.

-2-

We find that centralization in the Central District of California is appropriate. Eleven of the fourteen pending related actions are located in California, and three of those actions are pending before Judge Andrew J. Guilford—an experienced transferee judge who we are confident will steer this litigation on a prudent course. Moreover, it is alleged that key entities and individuals with direct responsibility for the alleged conduct in this litigation are located in this district and, therefore, relevant documents and witnesses may be located there. Indeed, at oral argument, Wells Fargo represented that the primary witnesses would be found in the Central District of California.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Andrew J. Guilford for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Charles R. Breyer          Lewis A. Kaplan
R. David Proctor          Catherine D. Perry

**IN RE: WELLS FARGO AUTO INSURANCE
MARKETING AND SALES PRACTICES
LITIGATION**                                               MDL No. 2797

## SCHEDULE A

<u>Northern District of California</u>

HANCOCK v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:17-04324  8:17-cv-01814-AG-KES
PRESTON v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:17-04346  8:17-cv-01815-AG-KES

<u>Southern District of New York</u>

JACOB v. NATIONAL GENERAL INSURANCE COMPANY, C.A. No. 1:17-05806
                                                                                                                                                    8:17-cv-01816-AG-KES

**I hereby attest and certify on** <u>10-18-2017</u>
**that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.**

**CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

_____
**DEPUTY CLERK**